UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STEPHEN HOWARD (#425089)

VERSUS                                                          CIVIL ACTION

LYNN COOPER, ET AL                                  NUMBER 06-843-RET-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on March 28, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STEPHEN HOWARD (#425089)

VERSUS                                                              CIVIL ACTION

LYNN COOPER, ET AL                                     NUMBER 06-843-RET-DLD


MAGISTRATE JUDGE'S REPORT

This matter is before the court on the application of petitioner Stephen Howard for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count of armed robbery and one count of simple kidnapping by a jury in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on March 29, 2000.  Petitioner was sentenced to an 18-year term of imprisonment at hard labor on the armed robbery conviction, and a 10- year term of imprisonment at hard labor on the simple kidnapping conviction.  The sentences were ordered to be served concurrently.

The Louisiana First Circuit Court of Appeal affirmed the convictions but remanded for re-sentencing on the simple kidnapping conviction.  *State of Louisiana v. Stephen Howard*, 2000-2798 (La. App. 1st Cir.  9/28/2001) (unpublished opinion).  On April 19, 2002, the petitioner was re-sentenced to five years imprisonment on the simple kidnapping conviction.  Petitioner did not seek review by the appellate courts.

On October 13, 2003, the petitioner filed an application for post-conviction relief in the district court.  On September 8, 2005, the trial court denied review.  Petitioner sought

1

review in the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied reviewed. *State of Louisiana v. Stephen Howard,* 2005-2071(La. App. 1st Cir. 12/2/05). Petitioner sought review by the Louisiana Supreme Court. The Louisiana Supreme court denied review on September 15, 2006. *State of Louisiana v. Stephen Howard*, 2005-2584 (La. 9/15/06), 936 So.2d 1255.

Petitioner signed his federal application for habeas corpus relief on October 31, 2006 and it was filed on November 2, 2006.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final no later than May 19, 2002, thirty days after he was re-sentenced.[1] By the time the petitioner sought post-conviction relief in the trial court the time limit to file a federal habeas corpus application had already elapsed.[2] Petitioner's federal habeas corpus application was not timely filed.[3]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Signed in Baton Rouge, Louisiana, on March 28, 2007.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.

[2] Although the entire state court record was not filed in response to the court's November 27, 2006 order, the portions of the state court record produced are sufficient to determine timeliness of the petitioner's federal habeas corpus application. Moreover, the dates relied upon to determine timeliness are undisputed by the petitioner.

[3] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).